UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL MILLS                           CIVIL ACTION NO. 13-2670

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.              MAGISTRATE JUDGE HORNSBY

MEMORANDUM RULING

Before the court are three motions for summary judgment, the first filed by plaintiff Michael Mills ("Mills"), the second filed by defendants the City of Shreveport ("the City"), Willie L. Shaw, Jr. ("Chief Shaw") and Duane Huddleston ("Deputy Chief Huddleston"), and the third filed by the Shreveport Municipal Fire and Police Civil Service Board ("the Board") and Jason Brook ("Sergeant Brook").[1] See Record Documents 23, 25, and 27. For the reasons set forth below, Mills's motion is **GRANTED IN PART AND DENIED IN PART**, the motion filed by the City, Chief Shaw, and Deputy Chief Huddleston is **GRANTED**, and the motion filed by the Board and Sergeant Brook is **DENIED**.

I.  BACKGROUND

The events relevant to the instant lawsuit began on May 26, 2013. On that date, Mills, an officer with the Shreveport Police Department ("SPD"), was dispatched to 6100 Southern Avenue in Shreveport to respond to a call. See Record Document 23, Statement of Uncontested Facts at ¶ 1; Record Document 28. Mills was accompanied by Officer Ernestine Morris ("Morris"). See Record Document 28. After arriving, Mills spoke with the homeowner, Ann Harris ("Harris"), who claimed that her son and his girlfriend were refusing

---

[1]The court will collectively refer to Deputy Chief Huddleston, Chief Shaw, the City, the Board, and Sergeant Brook as "the defendants," and will collectively refer to the two motions filed by the defendants as the defendants' motions. All of the individual defendants are being sued in both their individual and official capacities. See Record Document 1-4.

to leave her home and she could not afford the fee to have them evicted. See id. When Harris asked Mills what he was going to do, he told her "not a damn thing." Id.

Harris subsequently filed a complaint against Mills on June 11, 2013. See Record Document 23, Statement of Uncontested Facts at ¶ 2, Ex. 2. The complaint was received by Sergeant J. Walker ("Walker"), who also completed a complaint referral. See id., Exs. 2 and 3. In the complaint referral, Walker noted possible violations of "SPD 100.15 - Knowledge of Laws" and "SPD 100.56 - Reports," and also noted "[t]his is a possible violation of policy and/or other department rules and regulations." Id., Ex. 3 at 1. Lieutenant Reginald Washington ("Lieutenant Washington") interviewed Mills regarding the complaint on July 3, 2013. See Record Document 25, Statement of Undisputed Facts at ¶ 1, Ex. 3. Mills admitted to telling Harris there was "not a damn thing" he was going to do. See id., Statement of Undisputed Facts at ¶ 1, Ex. 3 at 6:40-7:35. Lieutenant Washington subsequently wrote an interoffice memorandum recommending that Harris's complaint against Mills be sustained for violations of two SPD policies, specifically policy 100.49[2] on courtesy and policy 404.01[3] on reports. See Record Document 23, Statement of

---

[2]SPD policy 100.49 provides, in pertinent part: "Employees shall be courteous to the public. . . . In the performance of their duties, employees shall not use course, violent, profane, or insolent language . . . ." Record Document 23, Ex. 12 at 8.

[3]SPD policy 404.01 provides, in pertinent part:

It shall be the policy of the Shreveport Police Department for its members to produce a report when receiving a call pertaining to . . . the possibility of court action . . . or any other necessary reason exists for producing a report.
. . .
The primary dispatched officer . . . shall be responsible for completing the initial report and submitting the report to a supervisor at the end of their shift or tour of duty.

Record Document 23, Ex. 15 at 1.

Uncontested Facts at ¶ 5, Ex. 4.

On July 31, 2013, Lieutenant Carolyn Deal conducted a counseling session with Mills regarding the sustained complaint. See id., Statement of Uncontested Facts at ¶ 8, Ex. 7. An inter-office memorandum documenting this counseling session was placed in Mills's police personnel file. See id., Statement of Uncontested Facts at ¶ 8, Ex. 7.[4] On that same day, Mills filed a request for an appeal with the Board regarding the documented counseling and also requested a hearing. See id., Statement of Uncontested Facts at ¶ 9; Record Document 27, Ex. A.[5]

The Board held proceedings on August 14, 2013. See Record Document 23, Statement of Uncontested Facts at ¶ 11, Ex. 1. Mills alleges that the City objected to the Board hearing his appeal. See id., Statement of Uncontested Facts at ¶ 11.[6] Specifically, Mills contends that the City argued that verbal counseling is not discipline, and therefore the Board did not have the authority to hear an appeal. See id., Statement of Uncontested Facts at ¶ 11. The Board unanimously voted to deny Mills's request for a hearing. See id., Ex. 1 at 18-19. Sergeant Brook, who served as chairman of the Board, stated that a

---

[4]The defendants do not contest this fact. See Record Document 30, Response to Plaintiff's Statement of Uncontested Facts at ¶ 8, and Record Document 31, Response to Plaintiff's Statement of Material Facts at ¶ 8. Therefore, for purposes of the instant motion, it is deemed admitted. See Local Rule 56.2.

[5]Mills's request for an appeal specifically states "Mills formerly (sic) files this appeal of his discipline." As the City, Chief Shaw, and Deputy Chief Huddleston point out in their reply, Mills did not request that the Board overturn the sustained complaint. See Record Document 34 at 3 n. 2

[6]The City, Deputy Chief Huddleston, and Chief Shaw apparently deny this fact while the Board and Sergeant Brook admit it. See Record Document 30, Response to Plaintiff's Statement of Uncontested Facts at ¶ 11, and Record Document 31, Response to Plaintiff's Statement of Material Facts at ¶ 11.

documented verbal counseling "does not affect a transfer, it does not affect his seniority and it does not affect his job" and that Mills's options were to "go to district court with it or . . . talk to [Chief Shaw]." Id., Ex. 1 at 10.

Mills filed the instant lawsuit in state court on August 29, 2013, alleging violations of his civil service rights as well as his substantive and procedural due process rights under both state and federal law. See Record Document 1. In his complaint, Mills seeks a judgment reversing the City's imposition of discipline—the documented verbal counseling—against him and ordering that all references to that discipline be removed from his personnel and internal affairs files. Alternatively, Mills asks that the court order Sergeant Brook and the Board to grant him a hearing on his appeal, and order the City, Chief Shaw, and Deputy Chief Huddleston to produce all written and verbal statements and other evidence that were considered prior to imposing the discipline. See id. The defendants removed the case to this court on the grounds that Mills's complaint stated a federal claim under 42 U.S.C. § 1983, giving this court federal question jurisdiction. See Record Document 1.

The parties subsequently filed their respective motions for summary judgment, all seeking judgment as a matter of law in their favor. See Record Documents 23, 25, and 27. Specifically, Mills contends he is entitled to judgment because discipline was imposed against him without a pre-disciplinary conference ("PDC") being held, in contravention of both state law and the City's own policies, rendering the discipline an absolute nullity. Moreover, Mills claims that the Board's policy of refusing to hear appeals from documented verbal counseling sessions violates state law. See Record Document 23. The defendants argue that Mills's rights were not violated because documented verbal counseling is not

discipline. See Record Documents 25, 27, and 28. The City, Chief Shaw, and Deputy Chief Huddleston contend they are entitled to immunity under Louisiana Revised Statute 9:2798.1[7] because they were exercising discretionary authority when ordering counseling for Mills. See Record Document 25. Additionally, Chief Shaw and Deputy Chief Huddleston claim they are entitled to qualified immunity because no constitutional rights were violated and there was no clearly established law regarding due process rights following a documented verbal counseling. See id. The Board argues that it is entitled to quasi-judicial immunity because it is a reviewing body, and to discretionary acts immunity under Louisiana Revised Statute 9:2798.1, while Sergeant Brook claims he is entitled to absolute immunity. See Record Documents 27 and 28. All parties filed oppositions, and a reply brief was filed by the City, Chief Shaw, and Deputy Chief Huddleston. See Record Documents 30-34.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[7]Louisiana Revised Statute 9:2798.1 provides, in pertinent part: "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La. Rev. Stat. § 9:2798.1(B).

case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.    Claims Of Immunity.**

Each of the defendants claims to be entitled to some form of immunity. Specifically, the City, Chief Shaw, Deputy Chief Huddleston, and the Board contend they are entitled to discretionary acts immunity under Louisiana Revised Statute 9:2798.1, Chief Shaw and Deputy Chief Huddleston claim they are entitled to qualified immunity, the Board argues it is entitled to quasi-judicial immunity, and Sergeant Brook alleges he is entitled to absolute immunity. The court will examine each of these claims in turn.

**1.    Discretionary Acts Immunity.**

Louisiana Revised Statute 9:2798.1 grants immunity to public entities, as well as their officers and employees, for discretionary acts performed within the course and scope of their official duties. See Fowler v. Roberts, 556 So. 2d 1, 15 (La. 1990)(opinion on rehearing); Hardy v. Bowie, 744 So. 2d 606, 613 (La. 1999). In determining whether or not

discretionary acts immunity applies, the court first must ask whether the government actor had a choice in how to act. See Fowler, 556 So. 2d at 15; Hardy, 744 So. 2d at 613; Roberts v. City of Shreveport, 397 F.3d 287, 296 (5th Cir. 2005). If the actor had no choice—for instance, if a particular action was mandated by a federal or state law, regulation, or policy—then discretionary acts immunity does not apply because there was no discretion. See Fowler, 556 So. 2d at 15; Hardy, 744 So. 2d at 613; Roberts, 397 F.3d at 296. If the court determines there was an element of discretion, the second question is whether the choice was based on some social, economic, or political policy. See Fowler, 556 So. 2d at 15; Hardy, 744 So. 2d at 613; Roberts, 397 F.3d at 296.

The City, Chief Shaw, and Deputy Chief Huddleston allege they are entitled to discretionary acts immunity with respect to their actions that led to the complaint against Mills being sustained and him receiving documented verbal counseling. The Board similarly argues it is entitled to discretionary acts immunity as to its decision to deny Mills's request for an appeal hearing. The court shall examine the two respective claims.

### a.  Whether The City, Chief Shaw, And Deputy Chief Huddleston Are Entitled To Discretionary Acts Immunity.

The decision to sustain the complaint against Mills and require him to undergo a documented verbal counseling session was just that—a decision. There is no federal or state statute, regulation, or policy that requires that all complaints against police officers be sustained, or that all sustained complaints result in a documented verbal counseling for the officer. Consequently, the City, Chief Shaw, and Deputy Chief Huddleston are all entitled to discretionary acts immunity. However, discretionary acts immunity only applies to state law claims. It does not preclude liability under Section 1983. See Pea v. City of Ponchatoula, No. 13-542, 2014 WL 1050783 at *4 (E.D. La. Mar. 17, 2014). Therefore, the

motion filed by the City, Chief Shaw, and Deputy Chief Huddleston is **GRANTED** as to Mills's claims against them under state law, which are hereby **DISMISSED WITH PREJUDICE.**

### b. Whether The Board Is Entitled To Discretionary Acts Immunity.

The Board argues that its denial of Mills's request for an appeal hearing was a discretionary act. Mills contends that state law mandated that the Board grant his appeal request, and thus the Board did not have any discretion and is not entitled to discretionary acts immunity. Specifically, Mills cites to Louisiana Revised Statute 33:2501 ("Section 2501"), which provides, in pertinent part, as follows:

> Any regular employee in the classified service who feels that he has been discharged or **subjected to any corrective or disciplinary action** without just cause may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. **The board shall grant the employee a hearing** and investigation within thirty days after receipt of the written request.

La. Rev. Stat. § 33:2501(A) (emphasis added). The parties dispute whether documented verbal counseling falls within the scope of "any corrective or disciplinary action." If it does, then the Board would not be entitled to discretionary acts immunity because the Board is mandated to grant a hearing. See Hewitt v. Lafayette Mun. Fire & Police Civ. Serv. Bd., 139 So. 3d 1213, 1222 (La. App. 3d Cir. 2014).

Mills relies on two cases—Hebert v. New Orleans Police Department, 805 So. 2d 345 (La. App. 4th Cir. 2002), and Burkart v. New Orleans Police Department, 811 So. 2d 42 (La. App. 4th Cir. 2002)—to support his argument that documented verbal counseling is corrective or disciplinary action within the scope of Section 2501. In both Hebert and Burkart, the plaintiffs (who were both officers with the New Orleans Police Department) filed

appeals with the Civil Service Commission ("the Commission") following receipt of a letter of reprimand. See Hebert, 805 So. 2d at 346; Burkart, 811 So. 2d at 42. The Commission found that neither plaintiff could appeal because a letter of reprimand is not a disciplinary action. See Hebert, 805 So. 2d at 346; Burkart, 811 So. 2d at 42. In both cases, the appellate court reversed and remanded the case to the Commission to conduct a hearing, finding that a letter of reprimand is a disciplinary action. See Hebert, 805 So. 2d at 351-52; Burkart, 811 So. 2d at 44.

Both Hebert and Burkart are factually distinguishable from the instant case. First, both Hebert and Burkart involved letters of reprimand, which are distinguishable from a documented verbal counseling. See Hebert, 805 So. 2d at 346; Burkart, 811 So. 2d at 42.[8] Additionally, Section 2501 was not interpreted or even mentioned in either Hebert or Burkart. Nevertheless, those decisions are instructive. The court in Burkart recognized that letters of reprimand did not impact an employee's career and could lead to a flood of hearings and litigation, but reasoned that a letter of reprimand was disciplinary action because it permanently remained in an employee's personnel record. See Burkart, 811 So. 2d at 43-44. Similarly, the court in Hebert found the likely increase in appeals was irrelevant and the key factor was that letters of reprimand became a permanent part of the employee's file. See Hebert, 805 So. 2d at 351-52. In the instant case, Mills has alleged that the documented counseling memo is in his personnel file and will stay there until after

---

[8]The discipline recommendation flow chart for sustained complaints lists documented counseling and letters of reprimand as separate recommendations. See Record Document 23, Exs. 6 and 11.

he retires.  See Record Document 23, Statement of Uncontested Facts at ¶¶ 37-38.[9]

The defendants cite Smith v. Department of Health & Human Resources, Southeast Louisiana State Hospital, 461 So. 2d 1243 (La. App. 1st Cir. 1984).  In Smith, the plaintiff received a written reprimand and filed an appeal to the Commission, which dismissed her appeal as untimely.  See Smith, 461 So. 2d at 1244.  The plaintiff appealed, arguing that she had not been given any notice of her right to appeal.  The court affirmed the dismissal, holding that, although a written reprimand was a disciplinary action and the plaintiff had a right to appeal, she did not have the right to a notice of appeal because a written reprimand is a lesser form of discipline that does not affect an employee's substantial rights.  See id. at 1245-46.

First, this court notes that the defendants erroneously argue that the court held the plaintiff in Smith "did not have the right to appeal because a letter of reprimand did not affect her employment."  Record Document 28 at 9.  To the contrary, the court noted that "the right to appeal exists" for written reprimands.  See Smith, 461 So. 2d at 1246. Additionally, Smith does not interpret, discuss, or cite Section 2501, subjecting it to the same criticism that the defendants stated against the two cases cited by Mills.  See id. Thus, Smith is distinguishable and not determinative of the instant question before this court—whether documented verbal counseling is a corrective or disciplinary action within the scope of Section 2501.

The defendants also cite to an opinion issued by the Louisiana Attorney General specifically addressing the interpretation of the phrase "possible disciplinary action" in a

---

[9]The defendants have admitted these facts.  See Record Document 30, Response to Plaintiff's Statement of Uncontested Facts at ¶¶ 37-38; Record Document 31, Response to Plaintiff's Statement of Material Facts at ¶¶ 37-38.

separate statute, Louisiana Revised Statute 40:2531.[10]  The Attorney General opinion reads, in relevant part, as follows:

> The term "possible disciplinary action" should be construed broadly so that the purpose of protecting officers under investigation is made effective to the fullest extent possible under the language of LSA-R.S. 40:2531.  Because "disciplinary action" is used in the same phrase as "demotion" and "dismissal," it is our opinion that any action taken by formal investigating authorities . . . which could possibly affect the job status of the officer requires that the minimum standards of LSA-R.S. 40:2531 apply.

La. Atty. Gen. Op. No. 93-52, 1993 WL 212372 at *3.  The defendants contend that, applying a similar analysis to Section 2501, the logical conclusion is that the Board is authorized to review discipline such as fines, suspensions, and terminations because such discipline affects some property right of the employee.  See Record Document 25.  Mills argues that a plain reading of the phrase "any corrective or disciplinary action" necessarily encompasses a documented verbal counseling.  See Record Documents 32 and 33.

As previously mentioned, documented counseling is listed as one of six possible recommendations in the discipline recommendation flow chart used for sustained complaints.  See Record Document 23, Exs. 6 and 11.  As both parties point out, documented verbal counseling is not explicitly listed as a method of discipline in either SPD 100.4, in the SPD's departmental rules, or SPD 305.08, the SPD's general order on discipline and corrective actions.  See Record Document 23, Ex. 12 at 1, Ex. 13 at 1-3.  However, a documented verbal counseling may be equivalent to an "[o]ral reprimand to be documented in the supervisor's handbook" or a "Verbal Instruction," which is also documented in the supervisor's handbook, both of which are respectively listed as

---

[10]The plaintiffs cite to different provisions of the same statute, known as the Police Officer Bill of Rights.  See Record Document 23.

disciplinary actions under SPD's departmental rules and general orders. Id., Ex. 12 at 1, Ex. 13 at 2.

The court finds that a documented verbal counseling falls within the scope of Section 2501 as a "corrective or disciplinary action." First, the defendants have conceded that the documented counseling was placed in Mills's personnel file and will stay in there until after he retires. Both the Burkart and Hebert decisions held this fact was sufficient to classify an act as a disciplinary action. See Burkart, 811 So. 2d at 43-44; Hebert, 805 So. 2d at 351-52. Second, even assuming that a documented verbal counseling is not a disciplinary action, the court finds that, at the very least, it is a corrective action. In its motion, the Board and Sergeant Brook state that verbal counseling "is intended to obtain compliance with established rules of conduct and performance . . . and to encourage appropriate behavior or job performance." Record Document 28 at 15. Additionally, when asked in his deposition what documented counseling is, Deputy Chief Huddleston stated that it is "letting an officer know this is what you did in this particular incident; **we would rather you do this.**" Record Document 32, Ex. 19 at 4 (emphasis added). Thus, a documented counseling session is clearly intended to correct an officer's actions and ensure he is complying with all SPD rules, regulations, and policies.

Because the documented verbal counseling is a disciplinary or correction action within the scope of Article 2501, the Board and Sergeant Brook were required to grant Mills's request for an appeal hearing. Consequently, there was a lack of discretion. Therefore, the Board and Sergeant Brook are not entitled to discretionary acts immunity.

### 2. Qualified Immunity.

To state a claim under Section 1983 against Chief Shaw and Deputy Chief

Huddleston, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. See Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir.1994). Chief Shaw and Deputy Chief Huddleston contend they are entitled to qualified immunity. Qualified immunity shields government officials from liability in their performance of discretionary functions, unless their conduct violated a clearly established constitutional right. See Ontiveros v. City of Rosenberg, Tex., 564 F.3d 379, 382 (5th Cir. 2009). "Once raised, a plaintiff has the burden to rebut the qualified immunity defense . . . . We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 380 (5th Cir. 2005). The qualified immunity defense presents a two-part inquiry: "(1) whether the facts alleged or shown by the plaintiff made out a violation of a constitutional right, and (2) whether that right was 'clearly established' at the time of the defendant's alleged misconduct." Ontiveros, 564 F.3d at 382. The court may address either part of the two-part inquiry first. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

The alleged constitutional violations by Chief Shaw and Deputy Chief Huddleston are the ordering of a documented verbal counseling for Mills and objecting to Mills's request for an appeal at the Board's hearing. The court finds that, in both instances, Chief Shaw and Deputy Chief Huddleston did not violate clearly established rights. There is no clearly established constitutional right identified by either party regarding due process rights with respect to a documented verbal counseling and subsequent appeal to the Board. Thus, even assuming that Mills has alleged sufficient facts to make out a violation of a

constitutional right, both Chief Shaw and Deputy Chief Huddleston are entitled to qualified immunity because they did not violate any clearly established right. Therefore, the motion filed by the City, Chief Shaw, and Deputy Chief Huddleston is **GRANTED** as to Mills's claims against Chief Shaw and Deputy Chief Huddleston, and those claims are hereby **DISMISSED WITH PREJUDICE.**[11]

### 3. Quasi-Judicial Immunity.

The Board contends that it is entitled to quasi-judicial immunity. However, because the Board has been sued as an official government entity, quasi-judicial immunity is not an available defense. See Turner v. Houma Mun. Fire & Police Civ. Serv. Bd., 229 F.3d 478, 482-86 (5th Cir. 2000); G&H Dev., LLC v. Penwell, -- F. Supp. 2d --, 2014 WL 1248227 at *7 (W.D. La. Mar. 26, 2014)("Defenses such as absolute quasi-judicial immunity . . . are unavailable in official-capacity suits.")(internal quotations omitted). Therefore, the court finds that the Board is not entitled to quasi-judicial immunity.

### 4. Absolute Immunity.

Sergeant Brook argues he is entitled to absolute immunity in his official capacity as chairman of the Board. However, absolute immunity is not available to individual defendants sued in their official capacity. See Turner, 229 F.3d at 482-86. Absolute immunity only applies to claims against individual defendants with respect to their individual capacity. See id. Thus, the court finds that Sergeant Brook is not entitled to absolute immunity in his official capacity.

---

[11]Having found that Chief Shaw and Deputy Chief Huddleston are entitled to summary judgment in their favor, Mills's motion is **DENIED** as to his claims against them.

**C.     Federal Law Claims Against The City.**

Having dismissed Mills's state law claims against the City, the court now addresses his claims against the City under federal law. The City contends it is entitled to judgment as a matter of law because Mills was not deprived of a property right, and even if he was, his due process rights were not violated. See Record Documents 25 and 30. Mills's motion and opposition to the City's motion primarily focus on his rights under state law, in particular the alleged violations of civil service law and the police officer bill of rights. See Record Documents 23 and 32.

A plaintiff alleging a due process violation in a public employment setting must show that a property right has been deprived. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S. Ct. 1487, 1491 (1985). The City argues that subjecting Mills to a documented verbal counseling did not affect any property right with respect to his employment. Deputy Chief Huddleston has submitted an affidavit stating that a documented verbal counseling has no effect on an officer's promotion, pay, job status, assignments, or transfer requests. See Record Document 25, Ex. 5 at ¶¶ 8, 10, 11. Moreover, in his deposition, he also testified that an officer's disciplinary history has no effect on transfer requests. See Record Document 23, Ex. 17 at 12. Mills himself has testified that he was not fined, suspended, demoted, and did not lose any pay. See Record Document 25, Ex. 4 at 3. Mills has not identified any case law showing that a documented verbal counseling affects an officer's property rights with respect to his employment. Therefore, this court finds that the City is entitled to judgment as a matter of law, its motion is **GRANTED**, and all of Mills's claims against the City are **DISMISSED WITH**

PREJUDICE.[12]

D.     **Claims Against The Board And Sergeant Brook.**

Mills alleges that he is entitled to judgment as a matter of law against the Board and Sergeant Brook for refusing to grant him a hearing on his appeal of the documented verbal counseling. Specifically, Mills claims that Section 2501 mandates that the Board shall grant an appeal hearing to any employee subjected to any corrective or disciplinary action, including documented verbal counseling. See Record Document 23. The Board and Sergeant Brook argue that a documented verbal counseling does not fall within Section 2501's scope, and therefore an appeal was not mandated. Additionally, they contend that requiring the Board to hear every documented verbal counseling that is handed down would flood the Board with appeals and impede its ability to hear appeals of more important cases. See Record Document 28.

The court has already found that a documented verbal counseling is a corrective or disciplinary action within the scope of Section 2501. Mills was thus entitled by statute to have his request for an appeal hearing granted. The Board's approval of a motion to deny Mills's request, which Sergeant Brook voted for, was a violation of his rights. Mills is therefore entitled to judgment as a matter of law as to his claim against the Board and Sergeant Brook. Specifically, Mills is entitled to a judgment ordering the Board and Sergeant Brook to grant his request for an appeal hearing, as it was required to do by Section 2501. Therefore, Mills's motion for summary judgment is **GRANTED** as to his claims against the Board and Sergeant Brook, and they are ordered to grant him a hearing

---

[12]Having found that the City is entitled to summary judgment in its favor, Mills's motion is **DENIED** as to his claims against the City.

on his appeal **within sixty days of this ruling**.[13]

### III. CONCLUSION

For the reasons stated above, the motion for summary judgment filed by the City, Chief Shaw, and Deputy Chief Huddleston is **GRANTED** and all of the plaintiff's claims against them are **DISMISSED WITH PREJUDICE.** Mills's motion for summary judgment is **DENIED** as to his claims against the City, Chief Shaw, and Deputy Chief Huddleston. Mills's motion for summary judgment is **GRANTED** as to his claims against the Board and Sergeant Brook, who are hereby ordered to grant Mills a hearing on his appeal **within sixty days of this ruling**. The motion for summary judgment filed by the Board and Sergeant Brook is **DENIED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 30th day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[13] Having found that Mills is entitled to summary judgment in his favor as to his claims against the Board and Sergeant Brook, the motion filed by the Board and Sergeant Brook is **DENIED.**